IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

JAMES DODSON and THERESA DODSON,  )
                                          )
           Plaintiffs,               )    TC-MD 120683N
                                           )
      v.                       )
                                         )
DEPARTMENT OF REVENUE,       )
State of Oregon,                    )
                                         )
          Defendant.          )    **DECISION**

Plaintiffs filed their Complaint on July 11, 2012, challenging Defendant's Notice of

Deficiency Assessment for the 2009 tax year. A case management conference was held in this

matter on September 4, 2012. During that conference the parties agreed to share information and

Defendant agreed to file written recommendations by September 21, 2012; the court

memorialized the parties' agreement in a Journal Entry issued on September 5, 2012.

On September 19, 2012, Defendant filed written recommendations, including a Proposed

Auditor's Report. After reviewing the additional information provided by Plaintiffs, Defendant

recommends that Plaintiffs' 2009 "Oregon Taxable Income" be reduced to $67,678, resulting in

a refund due to Plaintiffs of $1,073. (Def's Rec at 3.) Defendant also assessed a 20 percent

penalty for substantial understatement of taxable income. (Compl at 4; Def's Rec at 3.)

Plaintiffs filed a letter in response to Defendant's recommendations stating that they accept

Defendant's recommended adjustment to their 2009 taxable income, but continue to challenge

"the penalties and interest that have accrued." (Ptfs' Ltr, Oct 3, 2012.)

A second case management conference was held in this matter on November 6, 2012,

during which the parties discussed Plaintiffs' request for waiver of penalties and interest.

Plaintiff Theresa Dodson (Dodson) appeared on behalf of Plaintiffs and John Koehnke

(Koehnke) appeared on behalf of Defendant. Koeknke stated that the 20 percent substantial understatement penalty was imposed only on Plaintiffs' 2009 unreported income. Defendant previously waived the substantial understatement penalty for $15,165 of "business expenses disallowed" because of its finding that Plaintiffs' "situation was beyond [their] control to obtain [their] records since a fire occurred at [their] home." (Compl at 4.)

The parties discussed the substantial understatement penalty, imposed under ORS 314.402.[1] ORS 314.402(1) states in part:

> "If the Department of Revenue determines that there is a substantial understatement * * * there *shall* be added to the amount of tax required to be shown on the return a penalty equal to 20 percent of the amount of any underpayment of tax attributable to the understatement of taxable income."

(Emphasis added.) " 'Shall' is a command: it is used in laws, regulations, or directives to express what is mandatory." *Preble v. Dept. of Rev.*, 331 OR 320, 324 (2000) (citations omitted). "The department *may* waive all or any part of the penalty imposed under this section on a showing by the taxpayer that there was reasonable cause for the understatement, or any portion thereof, and that the taxpayer acted in good faith." ORS 314.402(6) (emphasis added). Thus, Defendant has discretion to waive the substantial understatement penalty, subject to ORS 314.402 and OAR 150-314.402(6). Similarly, Defendant has discretion to waive interest:

> "The Department of Revenue may, *in its discretion*, upon good and sufficient cause, according to and consistent with its rules and regulations, upon making a record of its reason therefor, waive, reduce or compromise * * * any part or all of the interest provided by the laws of the State of Oregon that are collected by the Department of Revenue."

ORS 305.145(3) (emphasis added).

/ / /

---

[1] All references to the Oregon Revised Statutes (ORS) and to the Oregon Administrative Rules (OAR) are to 2007.

Dodson stated during the November 6, 2012, conference that Plaintiffs had not yet requested waiver of penalties and interest from Defendant. Koehnke described Defendant's process for reviewing requests for waiver of penalties and interest and confirmed that Defendant has not received or reviewed Plaintiffs' request. Because Defendant has discretionary authority to waive the penalties and interest imposed upon Plaintiffs, the court's review is limited to abuse of discretion. *See, e.g., Brothers v. Dept. of Rev.*, TC-MD No 110990D at 3 (Apr 30, 2012.) Defendant has not yet reviewed Plaintiffs' waiver request; thus, there is no decision by Defendant for the court to review.

Following the November 6, 2012, case management conference, Plaintiffs filed a letter stating that they "will be appealing the penalty and interest through the process [Koehnke] provided * * *." (Ptfs' Ltr, Nov 15, 2012.) Defendant filed a written response on November 19, 2012, requesting "the court [] approve the latest audit findings to conclude this case so the [P]laintiff[s] can continue with their appeal rights for a waiver with the department." (Joint Stip Facts at 1.) Because the parties are in agreement, this case is ready for decision. Now, therefore,

IT IS THE DECISION OF THIS COURT that, as agreed upon by the parties, Plaintiffs' "Oregon Taxable Income" was $67,678 for the 2009 tax year.

Dated this ___ day of November 2012.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by __mailing__ to: 1163 State Street, Salem, OR 97301-2563; or by __hand delivery__ to: Fourth Floor, 1241 State Street, Salem, OR.*
*Your Complaint must be submitted within __60__ days after the date of the Decision or this Decision becomes final and cannot be changed.*
*This Decision was signed by Magistrate Allison R. Boomer on November 29, 2012. The Court filed and entered this Decision on November 29, 2012.*